**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHN FARRAR, Ph.D., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-0455-RWS |
| KAREN C. HANDEL, | : | |
| Georgia Secretary of State, in her official capacity, | : | |
| Defendant. | : | |

## **ORDER**

This case come before the Court on Defendant Karen Handel's Motion to Dismiss [4]. After a review of the record, the Court enters the following Order.

**I.**     **Factual Background**

In October 2003, Plaintiff John Farrar, Ph.D., was sanctioned by the Georgia State Board of Examiners of Psychologists ("Board") for certain violations. He appealed the Board's ruling in Bibb County Superior Court, which stayed the sanctioned pending the resolution of the state court proceedings. The Board ultimately suspended Plaintiff's license pursuant to O.C.G.A. §50-13-18(c)(1), for Plaintiff's failure to comply with the Board-

imposed sanctions. Plaintiff and the Board entered into a consent order

("Consent Order") in 2008 by which Plaintiff agreed to comply with the 2003

sanctions in exchange for the Board agreeing to lift the suspension.

On February 17, 2009, Plaintiff initiated this "class of one" claim under

the equal protection clause against Defendant Handel in her official capacity as

Secretary of State. (See Complaint [1].) Plaintiff asserts that by suspending his

license, the Board intentionally treated him differently from others similarly

situated. Plaintiff alleges that Secretary of State Handel's liability lies in

overseeing the actions of the Board. Id. Defendant subsequently filed the

Motion to Dismiss [4] discussed herein.

## II. Motion to Dismiss Standard

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal

court is to accept as true "all facts set forth in the plaintiff's complaint."

Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation

omitted). Further, the court must draw all reasonable inferences in the light

most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271,

1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct.

1955, 1964 (2007) (internal citations omitted). The United States Supreme

Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

### III.    Defendant's Motion to Dismiss

Defendant argues that Plaintiff's equal protection challenge should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant states a number of grounds upon which Plaintiff's claim should fail.

Defendant primarily asserts that the Complaint fails to identify any similarly situated persons who were treated better than Plaintiff, as required under a "class of one" action. (Dkt. No. [4] at 6.) The Court recognizes that in

3

this stage of the litigation, Plaintiff has not had the benefit of discovery in order to ascertain whether any other licensed psychologist who engaged in similar misconduct was summarily suspended. Assuming that a similarly situated yet treated differently individual were identified, Plaintiff's claim fails if the Board's decision is rationally related to the state's interest in regulation the practice of psychology. The Court has serious reservations about the merits of Plaintiff's claim, particularly concerning the discretionary nature of the Board's decision. Engquist v. Or. Dept. Of Agriculture, 128 S.Ct. 2146, 2154 (2000) (stating, "[t]here are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.") However, on a Motion to Dismiss, the Court cannot

4

determine whether the actions of the Board were discretionary such that Plaintiff's claim is barred.

Defendant next contends that Handel, as the Secretary of State cannot be held vicariously liable for the actions of the Board.  In order to establish liability under § 1983 against Defendant Handel in her official capacity, Plaintiff must demonstrate that a deprivation of a constitutional right resulted from:

> (1) an action taken or policy made by an official responsible for making final policy in that area of the [governmental entity's] business; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker.

White v. Thomspon, 299 Fred. Appx . 930, 933 (11th Cir. Nov 7, 2009) *citing* Church v. City of Huntsville, 30 F.3d 1332, 1343 (11th Cir. 1994).  On the face of the Complaint, the Court cannot determine whether Defendant Handel exercised sufficient control over the actions and policies of the Board such that she may be held vicariously liable for their actions.

Further Defendant argues that she is afforded immunity from suit in her official capacity by the Eleventh Amendment.  Plaintiff correctly states that Ex

5

Parte Young, 209 U.S. 123 (1908) creates an exception to Eleventh Amendment immunity, allowing for suits against state officers seeking prospective injunctive relief. Here, the relief requested by Plaintiff is prospective in nature. Plaintiff seeks a Court injunction ordering the Defendant to expunge his record and summary suspension from the professional licensure records and website. (See Complaint at 7.) The Court finds that since such prayer seeks prospective relief, Defendant's claim of immunity must be denied at this time. Given this finding, Defendant's argument that the Secretary of State is not a "person" under 42 U.S.C. § 1983 similarly fails.[1]

Finally, Defendant contents that the doctrine of *res judicata* bars this action due to the parallel action in the state administrative proceeding. (Dkt. No. [4] at 15.) In order for the doctrine to apply, the following conditions must be met:

> (1) identity of the parties or their privies; (2) identity of the cause of action; and (3) previous adjudication on the merits by a court of competent jurisdiction.

---

[1] "Official-capacity actions for prospective relief are not treated as actions against the State." Kentucky v. Graham, 473 U.S. 159, 167 (1985).

AO 72A
(Rev.8/82)

Brown & Williamson Tobacco Corp. v. Gault, 280 Ga. 420, 421 (2006); O.C.G.A. § 9-12-40. Both parties have conceded that the parties to the state administrative proceeding were identical or in privity with the Plaintiff and Defendant in the case here. The issue before the administrative hearing was whether Plaintiff's failure to comply with Board-issued sanctions warranted a summary suspension. In contrast, the issue before this Court turns on whether Plaintiff's suspension raises a "class of one" claim under the equal protection clause. Defendant contends that Plaintiff could have appealed the adverse decision of the administrative forum and asserted his equal protection challenge to the Bibb County Superior Court, and therefore is barred from asserting the claim here. Waldroup v. Greene County Hosp. Auth., 265 Ga. 864, 865 (1995); O.C.G.A. §50-13-19(h)(1). The Georgia Administrative Procedure Act states in relevant part:

> (h)The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
> (1) In violation of constitutional or statutory provisions;
> ...

O.C.G.A. § 50-1-19(h)(1). This text indicates that challenges to agency

decisions on constitutional grounds may be reviewed by the designated court. The Act defines "agency" to include state boards.[2] Accordingly, Plaintiff may have appealed the administrative decision upholding the suspension by the Board to the Superior Court. As Plaintiff could have adjudicated the merits of his constitutional challenge in the state administrative proceeding and subsequent appeal, he is barred from doing so here. See Waldroup v. Greene County Hosp. Auth., 265 Ga. 864, 865 (1995)

As to the final prong of the *res judicata* analysis, the Court finds that the Consent Order carries the final weight of a court judgment. In entering the Consent Order, Plaintiff agreed to be bound by its terms. He now seeks redress

---

[2]O.C.G.A. 50-13-2(1) states:
(1) "Agency" means each state board, bureau, commission, department, activity, or officer authorized by law expressly to make rules and regulations or to determine contested cases, except the General Assembly; the judiciary; the Governor; the State Board of Pardons and Paroles; the State Financing and Investment Commission; the State Properties Commission; the Board of Bar Examiners; the Board of Corrections and its penal institutions; the State Board of Workers' Compensation; all public authorities except as otherwise expressly provided by law; the State Personnel Board (Merit System); the Department of Administrative Services or commissioner of administrative services; the Technical College System of Georgia; the Department of Revenue when conducting hearings relating to alcoholic beverages; the Georgia Tobacco Community Development Board; the Georgia Higher Education Savings Plan; any school, college, hospital, or other such educational, eleemosynary, or charitable institution; or any agency when its action is concerned with the military or naval affairs of this state...
...

8

from this Court on the same issue addressed by the Consent Order. While the language of the Consent Order does not seek to impede Plaintiff's "vindication and redress in any other court, agency or forum," the particular issue raised herein has already been addressed or could have been addressed in the state court proceeding. (See Consent Order Exhibit 1, Dkt. No. [10].) The Court finds that the doctrine of *res judicata* serves as a bar to Plaintiff's claim.

In the Consent Order, the Board specifically agreed to lift Plaintiff Farrar's summary suspension and modify the website and public record to reflect that the suspension has been lifted. (See Consent Order Exhibit 1, Dkt. No. [10].) By seeking injunctive relief, Plaintiff alleges the Secretary of State's website still reflects Plaintiff's summary suspension as part of the public record. (Complaint [1].) Plaintiff may be well served by seeking to enforce the terms of the Consent Order against the Board.

## Conclusion

Defendant's Motion to Dismiss [4] is **GRANTED**.

**SO ORDERED** this  19th  day of November, 2009.

**RICHARD W. STORY**
United States District Judge

9